UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COURTNEY THOMAS,                          )
                        Plaintiff,        )
                                          )        No. 1:25-cv-1875
-v-                                       )
                                          )        Honorable Paul L. Maloney
GRAPHIC PACKAGING INTERNATIONAL, LLC,     )
                        Defendant.        )
                                          )

## ORDER

Plaintiff Courtney Thomas, acting without the assistance of counsel, alleges several causes of action against Defendant Graphic Packaging International.  Plaintiff sought and was granted leave to proceed *in forma pauperis*.  The Magistrate Judge reviewed the complaint and issued a report recommending the court dismiss the lawsuit (ECF No. 7).  Plaintiff filed an objection (ECF No. 10), and amended complaint (ECF No. 11), and a notice of appeal to the district judge (ECF No. 12).  The court will deny the appeal and will adopt the recommendations of the Magistrate Judge and dismiss this lawsuit.

A.  Report and Recommendation (ECF No. 7) and Objections (ECF No. 10)

In his initial complaint, Plaintiff alleged claims under the Clean Air Act (CAA) and under the Resource Conservation and Recovery Act (RCRA).  The Magistrate Judge identified several reasons for the court to dismiss the claims.  First, for citizen suits under the CAA and RCRA, a plaintiff must first give notice to the Environmental Protection Agency.  The Magistrate Judge cited several Sixth Circuit opinions for the legal proposition that the lack of notice deprives a court of subject matter jurisdiction.  Second, the citizen suit statutory

provisions permit prospective relief only, not damages.   Third, the Magistrate Judge concludes that Plaintiff cannot rely on § 1983 because the complaint failed to allege facts to show that GPI was a state actor.

Plaintiff filed objections.   After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Only those objections that are specific are entitled to a de novo review under the statute.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

1.  Plaintiff argues that the court has subject matter jurisdiction because the complaint alleges claims under federal statutes and under § 1983.   Plaintiff reasons that the R&R conflates jurisdiction with the merits.

The court overrules Plaintiff's objection.  This court must follow the authority cited the Magistrate Judge; the Sixth Circuit has held that the failure to follow the notice requirements in the CAA and the RCRA constitutes a subject-matter deficiency.  The court lacks jurisdiction over the CAA and RCRA claims.

2.  Plaintiff does not object to the portion of the R&R concluding that plaintiffs bringing citizen suits under the CAA and the RCRA are limited to prospective relief and cannot sue for damages.

3.  Plaintiff does not object to portion of the R&R concluding that the complaint failed to allege facts to show Defendant was a state actor.

B.  Amended Complaint (ECF No. 11).

A plaintiff may amend a complaint no later than 15 days after serving it.  Fed. R. Civ. P. 15(a)(1)(A).  The court rule applies even in this situation, where a Magistrate Judge has issued a report and recommendation following a review of the complaint under the Prison Litigation Reform Act.  *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

The amended complaint suffers the same factual deficiencies as the initial complaint. The court has reviewed Plaintiff's amended complaint.  Plaintiff pleads the same causes of action.  He adds, in paragraph 7, allegations that GPI acted in joint participation with the state of Michigan and its agencies.  This perfunctory assertion fails to provide sufficient factual details for the court to conclude that GPI functioned as a state actor for the purpose of § 1983.  And, the Supreme Court has clarified that private enterprises providing services that the State would not necessarily provide, "*even though they are extensively regulated*, do not" constitute state actors.  *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 57 (1999) (emphasis added).  The amended complaint does not add factual allegations to overcome the notice problem for the CAA and RCRA.  The amended complaint continues to seek damages, which are not permitted by citizen suits.  Accordingly, the amended complaint does not address the deficiencies identified in the R&R.

C.  Appeal (ECF No. 12)

Rule 72 of the Federal Rules of Civil Procedure addresses the role of magistrate judges.  For dispositive matters, a magistrate judge must issue a report and recommendation, to which a party can file objections.  *See* Fed. R. Civ. P. 72(b).  For nondispositive matters,

a magistrate judge can issue an order, to which a party can file an appeal with the district judge within 14 days.  *See* Fed. R. Civ. P. 72(a).

Plaintiff filed an appeal of the report and recommendation.  The court will deny the appeal.  The rules do not permit an appeal; the rules permit a party to file objection, which Plaintiff did.

For these reasons, the court **DENIES** Plaintiff's appeal (ECF No. 12), **ADOPTS** the Report and Recommendation (ECF No. 7) and **DISMISSES** this lawsuit.  **IT IS SO ORDERED.**

Date:    February 24, 2026                          /s/  Paul L. Maloney
                                                    Paul L. Maloney
                                                    United States District Judge